IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2025

IN RE ESTATE OF VIVIAN THOMPSON

**Appeal from the Circuit Court for Davidson County**
**No. 23P2054  Lynne T. Ingram, Judge**

———————————————————

**No. M2024-01564-COA-R3-CV**

———————————————————

This is an estate recovery action initiated by TennCare, the State of Tennessee's Medicaid program. The trial court denied the estate's administrator's exception to TennCare's claim. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Nathaniel Mills Colburn, Nashville, Tennessee, for the appellant, Estate of Vivian Thompson.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; Samantha Paige Morris, Assistant Attorney General, for the appellee, State of Tennessee Division of TennCare.

**OPINION**

**I.      BACKGROUND**

Vivian Thompson ("Decedent") died testate on March 10, 2023. Appellant Decedent's Estate ("the Estate") and Appellee TennCare stipulated that Decedent suffered from diminished capacity at the time of her death. Years prior to any cognitive impairment, Decedent met with counsel and created a last will and testament and a separate revocable trust, both dated September 30, 2016. The trust document contains the following provision:

*Distributions During Grantors' Lives*
During Grantor's lifetime, the Trustee shall hold, manage, invest, and

reinvest all properties conveyed or otherwise transferred to the Trustee now or hereafter under this instrument and shall distribute such property during Grantor's life as follows: The Trustee shall pay so much of the net income from this trust to Grantor and shall encroach on the principal hereof in such amounts and at such times as Grantor from time to time may request in writing. Any income not paid to the Grantor shall be accumulated and added to the principal. As long as the corpus of this trust is less than Five Hundred Dollars ($500.00), it may be held uninvested by the Trustee.

The trust also contains a spendthrift provision:

**Spendthrift Provision**. The income and support provided in this trust for the beneficiary thereof shall not be transferred, assigned, or conveyed and shall not be subject to the claims of any creditors of any beneficiary, and the Trustee named herein shall continue to pay such income and support directly to or for the support of such beneficiary notwithstanding any transfer, assignment, or conveyance, and notwithstanding any action by creditors. If, however, the Trustee is prevented by any transfer, assignment, or conveyance or by any proceeding brought by any creditor or by any bankruptcy, receivership, or other proceeding, from paying such income or support directly to or for the support of any such beneficiary, then and thereafter the Trustee shall hold and accumulate the income or support which would have been paid to or for the support of such beneficiary until the Trustee is able to pay the same directly to or for the support of such beneficiary or until the death of such beneficiary any income or support so accumulated shall become a part of the principal of the trust estate and be disposed of as provided for the principal. This provision, however, shall not apply to any transfer or distribution qualifying for the marital deduction under the federal estate tax laws.

The real property at issue in this litigation is located in Davidson County, Tennessee. Decedent transferred the real property to the revocable trust through a quitclaim deed executed on November 3, 2016, and recorded on May 1, 2017. After the execution of all the aforementioned documents, Decedent received Long Term Services and Supports for which TennCare paid $231,416.24.

After Decedent's passing, TennCare sought reimbursement of these costs pursuant to Tennessee Code Annotated section 71-5-116(c).[1] On October 24, 2023, TennCare, on

---

[1] The statute provides, in part:

There shall be no adjustment or recovery of any payment for medical assistance correctly paid on behalf of any recipient pursuant to this part from the recipient's estate, except in the case of a recipient who was fifty-five (55) years of age or older at the time the recipient

- 2 -

behalf of itself and all other creditors, petitioned the Davidson County Circuit Court ("trial court") to open probate and appoint an administrator for the Estate. On January 24, 2024, TennCare filed a verified claim in the amount of $231,416.24 against the Estate. The parties later stipulated that the full amount of TennCare's claim is a valid debt of the Estate. In response, the Estate filed an exception to the claim, arguing: (1) Decedent placed her real property into a revocable trust in 2016 and was no longer the holder of the land; (2) Decedent suffered from diminished capacity at the time of her death, making the trust irrevocable and the property not subject to creditor claims; and (3) the trust language created a life estate based on Decedent's actions, preventing TennCare from seizing the real property. The Estate subsequently argued that TennCare's claim was barred by the statute of limitations applicable to spendthrift trusts under Tennessee Code Annotated section 35-15-505(g)(1).

The case proceeded to a May 22, 2024, hearing. After the parties supplemented briefing, the trial court denied the exception to TennCare's claim against the Estate by order entered July 2, 2024. As to Decedent's diminished capacity at the time of her death, the trial court ruled that "the fact that the settlor of a trust becomes incapacitated does not convert a revocable trust to an irrevocable trust." The trial court concluded that, regardless of the spendthrift provision, as a revocable trust, the trust's property is subject to the claims of the settlor's creditors. The trial court further ruled that the limitations period in section 35-15-505(g)(1) did not apply to TennCare's monetary reimbursement claim against the Estate because it was not "an action with respect to a transfer of property to a spendthrift trust."

The Estate moved the trial court to alter or amend its ruling. Following a hearing and by order entered September 10, 2024, the trial court clarified that section 35-15-505(g)(1) only relates to potentially fraudulent transfers of property and is not applicable to this case. The court found that that the "real property in question is property of the trust and is subject to the claims of the Decedent's creditors under [section] 35-15-505(a)(6), including TennCare." Additionally, the trial court ruled that the transfer of the real property at issue to the revocable trust did not create a life estate because the trust remained revocable and because the deed transferring the real property to the trust did not use language that would create a life estate. The Estate appealed.

## II.    ISSUES

The Estate raises two issues for review:

---

received medical assistance or services pursuant to this part.

Tenn. Code Ann. § 71-5-116(c).

- 3 -

A. Whether the trial court erred by finding that the spendthrift provision in Decedent's revocable trust did not apply to TennCare.

B. Whether the trial court erred in finding that Decedent's trust and deed did not create a life estate.

## III. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). Here, the facts are not in dispute, and the issues on appeal involve the interpretation of statutes. "Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness." *In re Est. of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). Likewise, the trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### A.

On appeal, the Estate presses that "[t]his case deals squarely with a trust containing a spendthrift provision, and it is controlled by T.C.A. § 35-15-505." The Estate contends that TennCare's claim is, therefore, barred by the limitations period stated in Tennessee Code Annotated section 35-15-505(g)(1). The pertinent sections of the Tennessee Uniform Trust Code in effect at the time of TennCare's petition provide as follows:

Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:
. . .

(6) After the death of a settlor, . . . the property of a trust that was revocable immediately preceding the settlor's death is subject to claims of the settlor's creditors . . . .

Tenn. Code Ann. § 35-15-505(a)(6). Further,

(g)(1) Notwithstanding § 66-3-310, no person[2] shall bring **an action with respect to a transfer of property to a spendthrift trust**:

>(A) If the person is a creditor when the transfer is made, unless the action is commenced within the later of two (2) years after the transfer is made or six (6) months after the person discovers or reasonably should have discovered the transfer; or

>(B) If the person becomes a creditor after the transfer is made, unless the action is commenced within two (2) years after the transfer is made.

>(2) If subdivision (g)(1) applies:

>>(A) A person shall be deemed to have discovered the existence of a transfer at the time any public record is made of the transfer, including but not limited to, a conveyance of real property that is recorded in the office of the county register of deeds of the county in which the property is located . . . ; and

>>(B)(i) No creditor shall bring **an action with respect to a transfer of property to a spendthrift trust** unless that creditor proves by clear and convincing evidence that the settlor's transfer to the trust was made with the intent to defraud that specific creditor[.]

Tenn. Code Ann. § 35-15-505(g)(1), (2) (emphasis added).

Decedent was the named settlor of the revocable trust.  On appeal, the Estate does not explain why the revocable trust's property was not subject to the claims of Decedent's creditors under section 35-15-505(a)(6), which specifically addresses the claims of creditors against a trust settlor even where the trust contains a spendthrift provision, and which was a basis for the trial court's ruling.[3]  We, like the trial court, conclude that Decedent's trust was revocable immediately preceding her death, so under the statutory language, the trust's property is subject to TennCare's valid claim as creditor regardless of the spendthrift provision contained in the trust's terms.  Accordingly, we affirm the trial court's ruling that the spendthrift provision in Decedent's revocable trust did not apply to

---

[2] TennCare is a "person" as the term is defined in Tennessee Code Annotated section 35-15-103.  *See* Tenn. Code Ann. § 35-15-103(20) (including "governmental subdivision, agency" in the definition of "Person").

[3] *See also In re Est. of Stidham*, 438 S.W.3d 535 (Tenn. Ct. App. 2012) (real property held in revocable trust could be reached for purpose of reimbursing TennCare from decedent's estate for justly paid medical assistance on behalf of decedent during his lifetime).

TennCare under the circumstances presented in this case.

Relying on the limitations period contained in section 35-15-505(g)(1), the Estate further argues that "the transfer [of the real property to the revocable trust] was made seven (7) years prior to [Decedent's death] and was not fraudulent, but rather was an intentional estate planning vehicle." In its brief, the Estate does not address the trial court's finding that TennCare's reimbursement claim is not "an action with respect to a transfer of property to a spendthrift trust." By its plain language, this section applies to a "person" who "bring[s] an action with respect to a transfer of property to a spendthrift trust." Tenn. Code Ann. § 35-15-505(g)(1). The statutory Comments clarify that "[i]n general, subsection (g) creates a limitations period relative to contesting the validity of transfers to spendthrift trusts." Tenn. Code Ann. § 35-15-505 (2013 Restated Comments). Subsection (g) establishes limitations periods for the commencement of such an action based on when the transfer of property to a spendthrift trust was made, discovered, or reasonably should have been discovered. *See* Tenn. Code Ann. § 35-15-505(g)(1)(A), (B). Here, TennCare's petition and verified claim do not contest Decedent's 2016 transfer of real property to the revocable trust. The parties agree that TennCare is a creditor with a valid claim. TennCare simply seeks to recover its costs from the trust's property. We affirm the trial court's ruling that the limitations period in section 35-15-505(g)(1) does not apply to TennCare's reimbursement claim.

B.

Finally, the Estate argues that Decedent's rights to the trust's property extinguished upon her death, preventing TennCare from reaching the real property. In support of this concept, the Estate relies on the following language of the revocable trust:

During Grantor's lifetime, the Trustee shall hold, manage, invest, and reinvest all properties conveyed or otherwise transferred to the Trustee now or hereafter under this instrument and shall distribute such property during Grantor's life as follows: The Trustee shall pay so much of the net income from this trust to Grantor and shall encroach on the principal hereof in such amounts and at such times as Grantor from time to time may request in writing. Any income not paid to the Grantor shall be accumulated and added to the principal. As long as the corpus of this trust is less than Five Hundred Dollars ($500.00), it may be held uninvested by the Trustee.

The Estate argues that the revocable trust's language above "combined" with the word "forever" contained in the quitclaim deed language below "created a life estate":

. . . I **VIVIAN M. THOMPSON**, for and in consideration of the sum of zero dollars, and pursuant to the creation of my revocable Trust, the Vivian M. Thompson Revocable Trust, . . . hereby remise, release, and forever quitclaim

right, title and interest to [the Davidson County real property] to the Vivian
M. Thompson Revocable Trust.

Respectfully, the language does not support the Estate's interpretation. The quitclaim deed conveying the property to the trust did not use typical language that would create a life estate, *i.e.*, the duration of the interest in the real property transferred by the deed was not measured by any person's life. Nor do we construe the language as demonstrating Decedent's intent to create a life estate. The trust remained revocable by Decedent alone and, as the trial court found, "Decedent could have subsequently transferred the property elsewhere." With these considerations in mind, we affirm the trial court's ruling.

## V.    CONCLUSION

For the foregoing reasons, we affirm judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Estate of Vivian Thompson.

_____
JOHN W. McCLARTY, JUDGE